[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14250
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00165-RWG-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LINARES,
a.k.a. Churro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jose Linares appeals his 235-month sentence, imposed after he pled guilty to conspiring to possess with the intent to distribute at least 500 grams of methamphetamine and at least 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b). Linares contends the Government breached his plea agreement by advocating for the application of a specific offense characteristic enhancement found in U.S.S.G. § 2D1.1(b)(4) and an aggravating role enhancement found in U.S.S.G. § 3B1.1(c). We affirm Linares's sentence.

We review de *novo* whether the government breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). However, the district court's factual findings on the scope of the agreement are reviewed only for clear error. *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008).

Plea agreements are contracts, and must be interpreted accordingly. *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). We must apply an objective standard to determine the meaning of any disputed terms in a plea agreement and must decide whether the Government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). "In interpreting a plea agreement, we do not accept a hyper-technical reading of the written

agreement or a rigidly literal approach in the construction of the language." *Id.* (quotation omitted). When an agreement is ambiguous, we must construe its meaning against the Government. *Id.* at 1105-06. However, plea agreements must be interpreted as a whole. *Rubbo*, 396 F.3d at 1335.

Linares and the Government stipulated to "the following applications of the Sentencing Guidelines: (a) The applicable offense guideline is Section 2D1.1(c)(1); and (2) The criminal activity . . . involved at least 1.5 kilograms of methamphetamine (actual) . . . ." The Government also agreed to recommend Linares receive a reduction for acceptance of responsibility. Both parties agreed to recommend an additional one-level variance for Linares's timely guilty plea. The Government agreed to recommend that Linares be sentenced at the low end of the adjusted guideline range. Finally, Linares and the Government agreed, "[e]xcept as expressly stated elsewhere in this plea agreement, [to allow] the Government . . . to make recommendations regarding application of the Sentencing Guidelines."

Linares contends that because the Government drafted the agreement, any sentencing enhancement not included in the agreement must be excluded from the Government's recommendation. *See United States v. Hill*, 643 F.3d 807, 876 (11th Cir. 2011) (interpreting an immunity agreement). Thus, the Government

3

was forbidden from advocating for an enhancement not explicitly listed in the plea agreement, including the § 2D1.1(b)(4) and § 3B1.1(c) enhancements.

When we read the plea agreement as a whole, the fallacy of Linares's argument becomes clear. *See Rubbo*, 396 F.3d at 1335. Nothing in the agreement indicates that the parties intended to set forth an exhaustive list of the potentially applicable Guideline provisions. Instead, the parties stipulated and agreed to certain provisions, and the Government reserved its right to recommend provisions not expressly stated in the plea agreement. We refuse to read the plea agreement in the tortured manner Linares suggests. *See Copeland*, 381 F.3d at 1105-06.

The Government did not breach the plea agreement. Accordingly, we affirm Linares's sentence.

**AFFIRMED.**